FLEMING *et al. v.* WEST, executor, *et al.*

Where, in a divorce case, service was perfected upon the respondent as a non-resident by publication, a decree of divorce rendered at the first term thereafter setting apart as alimony for the wife and a minor child certain land alleged to be the property of the husband was, in so far as it affected the title thereto, void as to him and as to those claiming under him by a conveyance previously made. The court had no authority or jurisdiction to render any such decree at the appearance term, in so far, at least, as the decree related to alimony.

August 18, 1896.

Equitable petition. Before Judge Hutchins. Jackson superior court. August term, 1895.

*John J. Strickland* and *George C. Thomas*, for plaintiffs in error. *Erwin & Cobb, Robert S. Howard* and *Lumpkin & Burnett*, contra.

SIMMONS, Chief Justice.

The executors of Mrs. Nicey Moon brought their equitable petition in the superior court of Jackson county to recover certain land in that county from the possession of Mrs. Fleming and Mrs. Bell. The defendants claimed title under a decree rendered at the October term, 1873, of Cobb superior court. The case was referred to the judge without a jury, and he held that the decree was void for want of jurisdiction. To this the defendant excepted, and brought the case to this court. The decree in question was a decree for alimony, rendered in a divorce case. The petition for divorce was filed February 25, 1873, and the case was made returnable to the March term of the court, but the sheriff returned the process with the entry that the defendant was not to be found in the county, and that his information was that he was not in the State. An order to serve the defendant by publication was granted, and at the next term thereafter the following order was passed. "Service in this case having been perfected by publication, it is ordered that the same stand for trial." At the same term the decree in question was rendered. There was no appearance or defense by the defendant.

If the defendant in the divorce case was a resident of the State, service by publication was clearly insufficient to give the court jurisdiction, the code providing that the petition in such cases shall be "served as in other cases, unless the defendant be a non-resident of the State." (§1717.) If he was a non-resident of the State, service could be made by publication (see same section, and section 4185); but while service of a non-resident of the State

by publication, if made conformably to the statute, would be sufficient to give the court jurisdiction of the defendant so far as to authorize a decree for divorce, it has been held that it would not give jurisdiction so far as to authorize also a decree for alimony; that while the decree in such a case is *in rem* in so far as it adjudicates as to the marital status, yet if it undertakes as an incident of the divorce proceeding to deal with property rights of the defendant, it becomes in that respect a proceeding *in personam*, and although it is competent for the legislature to authorize the courts to render a judgment for alimony upon constructive notice, as against citizens of the State, it is not competent to do so as against non-residents of the State. See 2 Bishop, Marriage, Divorce and Separation, §35 *et seq.*; §§78, 79; Durr *v.* Forsyth, 50 Ohio State Rep. 726, 40 Am. State Rep. 703, and cases cited in notes.

Whether the decree for alimony was void for want of service or not, we think it was clearly so upon another ground. As the law stood at the time the decree was rendered, the superior court had no authority or jurisdiction to render a judgment at the first term, except in cases expressly provided for by law; and a suit for divorce and alimony was not such a case. (Code, §§3519, 3457.) The decree in question, as we have seen, was rendered at the next term after the publication of notice. This fact appearing upon the face of the record, the decree was upon its face void, and could be attacked collaterally in any court. (Code, §§3594, 3828.)                    *Judgment affirmed.*