## TENNESSEE FERTILIZER COMPANY *et al. v.* HAND *et al.,* executors.

HILL, J. 1. Jurisdiction in a court of equity must first exist before it can exercise equitable powers. Jurisdiction must precede rather than follow receivership, injunction, etc.

2. Where a minority stockholder in a domestic corporation brought suit on behalf of himself and others similarly situated, against a foreign corporation, alleging that it was the holder of a majority of the stock of the domestic corporation, and praying for a recovery of damages in favor of the domestic corporation on account of alleged fraudulent acts on the part of the foreign corporation in securing possession of the plant and assets of the domestic corporation, to the exclusion of the stockholders, under a lease of the plant and its assets for a period of five years on terms which were alleged to be enormously advantageous to the foreign corporation, and at a rental which was very small, and which resulted in enormous profits to the latter corporation; and where

the prayer was for injunction, receiver, and the recovery as damages of the profits alleged to have been fraudulently obtained, for the use of the stockholders of the domestic corporation, on the theory that the lease was fraudulent and void, and a judgment was also prayed against the foreign corporation, with a special lien against certain shares of the stock in the domestic corporation owned by the foreign corporation; and where the foreign corporation filed a special appearance in the nature of a plea to the jurisdiction, and also a demurrer, and a similar appearance was filed by the domestic corporation, it was error to strike the special appearances and pleas to the jurisdiction and to overrule the demurrers on the same ground. Nothing decided in the cases of *Hamil* v. *Flowers*, 133 *Ga.* 216 (65 S. E. 961), and *Peoples Bank* v. *Cleveland*, 117 *Ga.* 908 (44 S. E. 20), and nothing contained in section 5554 of the Civil Code of 1910, would authorize the bringing and maintaining of a suit as indicated above. The decisions in the above-cited cases are different in their facts from the present case, and are not controlling.				*Judgment reversed. All the Justices concur.*

No. 103. DECEMBER 13, 1917. REHEARING DENIED FEBRUARY 20, 1918.

Equitable petition. Before Judge Cox. Dougherty superior court. September 29, 1916.

*Candler, Thomson & Hirsch* and *Pottle & Hofmayer,* for plaintiffs in error. *Pope & Bennet,* contra.

ON MOTION FOR REHEARING.

HILL, J. The remedy which the law gives for the enforcement of a right does not necessarily embrace a right on the part of the complaining party to choose his own forum in which to litigate his cause. The defendant also is interested in the question of the jurisdiction in which an alleged right is to be urged against him, and is entitled to have the controversy adjudicated in a venue which the law provides for. The venue of suits in this State, legal and equitable, is controlled by constitutional and statutory provisions. The mere fact that there is property belonging to a defendant within its territorial jurisdiction does not authorize a court of equity to seize it, the plaintiff having no lien thereon or present interest therein; and its seizure under such circumstances will not confer upon the court a jurisdiction it did not already possess. To the contention that it may be seized under an equitable attachment, analogous or equivalent to an attachment at law, the reply is that there is no provision in our law for the issuance of an equitable attachment. The writ of attachment is purely a creature of statute, and is confined to common-law actions. See Bucyrus Co. *v.* McArthur, 219 Fed. 266; Ayers *v.* Graham Steamship Co., 115 Ill. App. 137 (2), 142; McPherson *v.* Snowden, 19 Md. 197; Phillips

*v.* Ash's Heirs, 63 Ala. 414, 418. There is no statute in this State giving to a court of equity power to issue attachments as in cases at law. Of course, a court of equity could deal with the res where it had jurisdiction by reason of the provisions of section 5554 of the Civil Code, but the present case does not fall within any of the instances there enumerated.

*Rehearing denied. All the Justices concur, except*

ATKINSON, J., dissenting. On motion for rehearing it appears to me that the decision as first announced by the entire bench is wrong. This is a suit by a minority stockholder in a domestic corporation against a non-resident who owns a majority of the stock and by virtue thereof dominates the corporation. The object of the suit was to recover for the corporation damages resulting from illegal management of the business of the corporation, in order that the damages recovered might be apportioned among all of the stockholders. The liability was not directly to the plaintiff personally; and the corporation would not sue, being unable to do so on account of the defendant's dominating control. Under the circumstances the plaintiff's only remedy was in equity. The defendant, being beyond the limits of the State, could not be reached personally by the process of the court. The situs of stock held by the defendant in the domestic corporation, however, was at the home office of the corporation in this State, and subject to seizure. *Hamil* v. *Flowers,* 133 *Ga.* 216 (65 S. E. 961) ; Pennoyer *v.* Neff, 95 U. S. 714 (24 L. ed. 565). The plaintiff, not having a personal right to sue, could not proceed by attachment at law, under the Civil Code, §§ 6035, 5055 et seq.; but having a right to redress the wrong, and there being property within the State which could be seized, equity would afford a remedy. Civil Code, §§ 5506, 3652, 5414. That is to say, equity will seize the stock through the instrumentality of a receiver, and, having secured possession of the res within the contemplation of the law, will thereby acquire jurisdiction to administer that for the benefit of the creditors, just as it might be done by attachment under the statute if the plaintiff were in a position to enforce such a remedy at law. To say that for the purpose of collecting an ordinary debt owing to the plaintiff a court of law, by the statutory remedy of attachment, could seize the stock and apply it to the debt, but that where, as in this case, the plaintiff though interested has no such direct rela-

tion as would authorize him to institute an attachment proceeding at law, equity would not at his instance, through the instrumentality of a receiver, seize the property and apply it in the interest of all the stockholders, would deny the broad and effective powers of equity. The majority opinion refers to jurisdiction as if the object of the petition were to obtain a judgment in personam, whereas all that is sought is a judgment in rem.

GILBERT, J., concurring specially. I agree with what is said by Mr. Justice Atkinson in his dissenting opinion on the question of jurisdiction; but the demurrer which was overruled contained also a ground based upon laches, and the judgment of the court in overruling this ground was erroneous.