MULL *v.* AKINS.

1. An order in vacation before the appearance term, overruling a motion to set aside an appointment of a receiver, for want of jurisdiction of the person of the defendant and of the subject-matter of the suit, was not conclusive on the hearing of a demurrer in term, based on the same ground.

2. The court was without jurisdiction of the person of the defendant and of the subject-matter of a suit wherein the plaintiff alleged that the defendant, a resident of another State, was indebted to him on account of a breach of warranty of title to land conveyed, lying in C. county, which the plaintiff had lost by fraud practiced by the defendant, who owned other land in P. county (where the suit was brought), subject to an outstanding deed conveying it as security for a loan, and who was seeking to sell his equitable interest therein, and that plaintiff was unable

to pay this loan or to give an attachment bond; and wherein he prayed for receiver to take charge of this land and to collect and hold whatever assets defendant might have in this State, subject to final judgment, and for general relief. HINES, J., dissents.

No. 2632.  MARCH 4, 1922.

Equitable petition.    Before Judge Park.    Putnam superior court.    March 22, 1921.

*M. F. Adams* and *Dowling, Askew & Whelchel* for plaintiff.

*T. A. Brown, G. F. Gober,* and *Stubbs & Duke,* for defendant.

PER CURIAM.    J. P. Mull instituted an equitable action in the superior court of Putnam County, against E. M. Akins.    The petition as amended alleged, in substance, that the defendant is indebted to the plaintiff in the sum of $5000 and interest, on account of a breach of general warranty contained in a deed executed by the defendant, conveying certain lands in Colquitt County; that defendant owns a certain other tract of land in Putnam County, Georgia, which he holds under a deed from C. A. Webb, subject to an unsatisfied and outstanding security deed in favor of a certain mortgage and security company, on which there is due $4591; that on account of fraud practiced by the defendant the plaintiff has lost all of his property, and is unable to pay off the amount due on the alleged security deed, and consequently is unable to subject the Putnam County land under the attachment laws of Georgia, and, even if the land were subject to attachment without paying off the security deed, plaintiff is unable to give an attachment bond as required by the statute; that defendant is seeking to sell his equitable interest in the Putnam County land, for the purpose of further defrauding plaintiff and preventing him from collecting his debt; that defendant is a non-resident of this State, and resides in the State of Tennessee.    The prayers were, for process; for the appointment of a receiver to take charge of the described land in Putnam County and collect and hold whatever assets said Akins may have in this State, and hold the same subject to the final judgment of this court; and for general relief.    The petition was sanctioned, and a receiver was appointed; the order of the court granting leave to the defendant to move, within a stated time, for a discharge of the receiver.    The defendant appeared by his attorney and filed a formal motion for discharge of the receiver, on the sole ground that the petition showed upon its face that the court was without jurisdiction of the person of the

defendant or of the subject-matter. The motion was denied by the court, prior to the appearance term of the case. The defendant filed a demurrer to the petition, on the same grounds which were set up in the motion to discharge the receiver, i. e., that the petition showed on its face that the court was without jurisdiction of the person of the defendant or the subject-matter. At a subsequent term of the court the judge sustained the demurrer to the petition, and dismissed the action. The plaintiff excepted, assigning error on that judgment.

1. The motion to set aside the appointment of the receiver, on the ground that the allegations of the petition showed that the court was without jurisdiction of the person of the defendant or the subject-matter, was in effect a demurrer to the petition. Being of such character, the court did not have jurisdiction to render a final judgment thereon before the appearance term. Accordingly the judgment (unexcepted to) refusing to set aside the appointment of the receiver, on the grounds taken, was not conclusive on the court in rendering the decision on the demurrer at a subsequent term, although the demurrer was based upon the same grounds.

2. Under the facts alleged in the petition the court was without jurisdiction of the person of the defendant and the subject-matter of the suit, and consequently the court did not err in dismissing the case upon general demurrer.

*Judgment affirmed. All the Justices concur, except Hill and Gilbert, JJ., absent, and*

HINES, J., dissenting. Where a creditor without judgment or other lien holds a debt against an insolvent non-resident debtor who owns land within the jurisdiction of the court, which he has incumbered by a security deed, and where the creditor, from insolvency or inability, is unable to redeem the lands embraced in such deed, by paying the principal of such debt and the interest thereon to maturity, as is required by our statute in order to have the same levied upon by attachment, such creditor can apply to the superior court of the county in which such lands are situated, to have the same seized by a receiver appointed by the court, for the purpose of satisfying the creditor's debt; and the seizure of the res gives the court jurisdiction of the subject-matter. As to property within the jurisdiction of the court personal service is not

required. Jurisdiction of the res is obtained by a seizure under process of the court, whereby it is held to abide such orders as the court may make concerning it.