## 21247. GLADDEN v. THE STATE.

DECIDED APRIL 15, 1931.

*J. L. Griffith, E. S. Griffith, Walter Matthews,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general,* contra.

LUKE, J. The indictment in this case charges that on March 6, 1930, in the county of Haralson, Luther Gladden committed simple larceny by stealing "two cords of green pine stove wood," the property of A. W. Wright. The jury found the defendant guilty, and he excepts to the overruling of his motion for a new trial.

A. W. Wright testified that as constable of the 653d district he levied on and "took charge of some wood," and told Luther Gladden not to move it; that he put a notice on the wood; that the wood was in plain view of witness's house, and witness saw Gladden move it, but said nothing about it at the time; that the wood was green pine stove wood of the value of $6. A. G. Tolbert testified that he stood on his porch and saw Gladden move the wood, and saw him cutting it up. Miss Mary Tolbert swore that she lived about three hundred yards from Luther Gladden, and "saw somebody move

that wood;" that she thought Mrs. Gladden moved some of it; and that she saw Luther "saw it up and move it out of sight."

· The gist of J. D. Ray's testimony was that the place to which the wood had been moved was not locked up, and anybody passing could see it. Dosh Rowell testified that there were four or five cords of wood at the defendant's house; that he saw Mrs. Gladden carrying some of it around the house; and that he lived within about three hundred yards of Mr. Gladden, and that any one passing could see the wood. A. W. Wright, recalled by the State, further swore that he had the fi. fa. he had levied on the wood; that the defendant was at the court-house the day the judgment was rendered against the defendant, and that, after saying he wanted to continue the case, he got up and left, and Mr. Groover issued the judgment. The gist of the defendant's statement is that he saw the notice on the wood piled up around a tree, and "it said two cords;" that he did move some of the wood at his place, but that he did not move that levied on; and that he "did not know anything about a judgment or anything until the day he [the officer] said he had levied on some wood." ·

■ Special grounds numbered 1 and 2 are in effect that the court erred in admitting in evidence the execution with the entry of levy thereon, because the description in the levy was not sufficient. The description was as follows: "One lot of green pine wood, about two cords, located on the premises of said L. C. Gladden at No. 38 Atlanta St., Tallapoosa, Ga." Neither exception is meritorious.

■ Special ground 3 avers that the court committed error "in holding that the State had made out a case . . , the indictment alleging that the property . . belonged to A. W. Wright, and the evidence showing that the only interest Wright claimed in the property was as constable." The ground is not altogether complete, but we take it that it complains of the court's refusal to direct a verdict for the defendant for the reason stated. "When property has been delivered by the owner to one as a pledge to secure a debt, the pledgee has sufficient interest in the same to maintain a prosecution against any one, even the general owner, by charging that the property belonged to him, the pledgee." *Henry* v. *State,* 110 *Ga.* 750-752 (36 S. E. 55, 78 Am. St. R. 137). Another case very closely in point is *Bradley* v. *State,* 2 *Ga. App.* 622 (2) (58 S. E.

1064), where the court held: "In an indictment for larceny or for burglary the ownership of personal property may be laid in the person having actual lawful possession of the same, although he may be holding it as agent or bailee of another." The contention in this ground is entirely without merit.

■ Special ground 4 alleges that the court erred in allowing the witness Wright to testify that he served the defendant in the case in which the fi. fa. levied on the wood was issued. The objection was that the entry of service was the best evidence of service of the suit. Both the execution and the entry of service thereon had been introduced in evidence, and this ground discloses no reversible error. In any event, it would appear not to have been injurious for the witness to testify as he did.

Special ground 5 is incomplete, but it is controlled adversely to the contention of plaintiff in error by our ruling upon the preceding ground.

■ Special ground 6 alleges error in the following excerpt from the charge of the court: "I charge you, if he seized it [referring to the wood that it is alleged the bailiff levied upon] under this fi. fa. against the defendant, and this process is presumed to be regular on its face, a legal process handled by the bailiff." It is insisted that this charge is erroneous for the reason that since the defendant had denied that he had any notice of the suit or judgment against him, and the bailiff had testified that he had served the defendant with the suit, the court expressed an opinion as to an issuable fact when he told the jury that the process was legal. The process and entry of levy appear to be regular, and the charge is not reversible error.

On its facts the case is close because of the publicity of the taking, but we think it was for the jury to say whether or not the publicity of the taking refuted the alleged intent to steal. Therefore we hold that the court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*