PENDLEY *v.* TUMLIN.

No. 11078.   FEBRUARY 22, 1936.

*Ben C. Williford,* for plaintiff.
*Spalding, Sibley, Troutman & Brock,* for defendant.

BELL, Justice.   In this suit against a non-resident individual, the petition was dismissed for want of service, and the plaintiff excepted.   William Pendley, a minor, by his mother, Mrs. Dora Pendley, as next friend, filed a suit in the superior court of Fulton County, against A. L. Tumlin, of Miami, Florida, to recover damages from personal injuries; it being alleged that the plaintiff with his mother occupied a dwelling-house in Atlanta, Fulton County, Georgia, rented by the mother from the defendant through his agent Mrs. Rosa Smith, a resident of Fulton County, and that, because of latent defects in the banisters around a porch of the house, the plaintiff fell from the porch and suffered the injuries for which the damages are claimed.   The petition further alleged, "that this defendant is the owner of said property located at 353 Pulliam Street, and also owns another piece of property located at 603 Grant Street; that he maintains his residence in Miami, Florida, but after diligent search your petitioner is neither able to locate him that he may have this suit served on him in either Atlanta, Georgia, or Miami, Florida; that this defendant

absconds away from his residence and is·remaining at this time in hiding, for the purpose of avoiding service of this suit; and unless he is served by publication and his property attached, as in equity provided, your petitioner's just claim for his said injuries will be defeated by trickery. Your petitioner shows that this defendant has no other property with which to respond in damages to your petitioner; and unless he is enjoined and restrained from selling, encumbering, or changing the status quo of the property herein described, he will so handle and manage the same as to defeat your petitioner's just claims. That your petitioner is without proper and legal remedy, and it is necessary to invoke the aid of equity that he may have full and complete recourse. Plaintiff shows that neither he nor his mother as next friend are financially able to give bond as required in cases of attachment at common law; and it is necessary that he have the aid of equity in the form of an equitable attachment for full, adequate, and complete relief." The petition contained the following prayers: "(a) That this defendant be enjoined and restrained from selling, encumbering, or otherwise changing the status quo of the property herein described. (b) That service be perfected on this defendant by serving a copy of this suit on this defendant's agent Mrs. Rosa Smith, who lives at and is in charge of the property located at 353 Pulliam Street, as herein set out. (c) That he have such other and further rights, remedies, and reliefs as may be necessary and adequate to ·full relief in this proceeding. (d) That he have judgment for damages against this defendant and the properties herein described in the full sum of twenty-five thousand ($25,000) dollars. (e) That process issue, requiring this defendant to be and appear at the next term of this court to answer this complaint."

The petition was presented on July 20, 1935, to a judge of the superior court of Fulton County, who granted an ex parte order temporarily enjoining the defendant from selling, encumbering, or otherwise changing the status of the property; further directing that the suit be filed, and that service be perfected on the defendant by serving a copy of the same and of the order on the defendant's agent Mrs. Rosa Smith, and "by publication in terms of the law." The order also required the defendant to show cause on August 3, 1935, why the restraining order should not be continued in force, and "why said service is not ·good and valid." The de-

810

fendant made a special appearance solely for the purpose of contesting jurisdiction, and moved to dismiss the suit on the following grounds: "(1) No facts are set forth by the plaintiff showing any legal service on this defendant. (2) No facts are set forth to show that Mrs. Rosa Smith is an agent authorized to receive service of process for and on behalf of the defendant. (3) No facts are set forth in the petition to justify the equitable attachment prayed for by plaintiff in the petition, and no legal justification is set forth sufficient to excuse the plaintiff from giving the statutory bond required in attachment cases. (4) No facts are set forth which are sufficient in law to support an order for service on the defendant by publication, as prayed for by the plaintiff." This motion was sustained, and the plaintiff excepted.

The court erred in sustaining the motion to dismiss the action. While the courts of this State have no extraterritorial jurisdiction and can not render a judgment in personam against a resident of a different State without personal service on the defendant or appearance or other waiver (*Hood* v. *Hood,* 130 *Ga.* 610, 61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359), and while the petition prayed for an injunction and for a general judgment for damages, each of which as a judgment in personam would require personal service of the defendant (Code of 1933, § 81-213; *Peeples* v. *Mullins,* 176 *Ga.* 743 (168 S. E. 785); *Irons* v. *American National Bank,* 178 *Ga.* 160 (172 S. E. 629); *Royster Guano Co.* v. *Stedham,* 178 *Ga.* 217 (172 S. E. 555); *John Hancock Mutual Life Ins. Co.* v. *Baskin,* 179 *Ga.* 86 (175 S. E. 251); Schmaltz *v.* York Mfg. Co., 204 Pa. 1 (53 Atl. 522, 59 L. R. A. 907, 93 Am. St. R. 782); Proctor *v.* Proctor, 215 Ill. 275 (74 N. E. 145, 69 L. R. A. 673, 689 (note), 106 Am. St. R. 168); 14 R. C. L. 307, § 4), the action was not subject to dismissal merely because some of the relief prayed for could not be granted without personal service. *Hamil* v. *Flowers,* 133 *Ga.* 216 (65 S. E. 961). Lack of service does not necessarily imply a lack of jurisdiction; and in a proceeding in rem, service may be perfected by a seizure of the res. It was so held in *Forrester* v. *Forrester,* 155 *Ga.* 722 (118 S. E. 373), where a wife brought a suit for alimony against her non-resident husband, seeking to subject to her claim a chose in action in favor of the husband over which the court had the power to exercise jurisdiction by a seizure of the res. In the present case the allegations and

prayers were sufficient to authorize a court of equity to seize the property of the defendant situated in this State, and apply it to the plaintiff's claim, to the extent of such liability as might be established on the trial. In *Coral Gables Corporation* v. *Hamilton,* 168 *Ga.* 182 (147 S. E. 494), it was said in effect that a citizen of this State will not be required to pursue his rights against a non-resident debtor by suing in a foreign court when there is property of such debtor situated within this State, and subject to the jurisdiction of its courts, which supplies such an available res as to enable the courts of this State to administer justice; and it was held that "the seizure of property by a court, required in order to confer jurisdiction . . to enter a judgment in rem in reference to it, in the absence of personal service on the party having an interest therein, is usually by writ of attachment; but it is immaterial whether the proceeding against the property be by attachment or bill in equity or other equivalent, if it be substantially a proceeding in rem."

It is true that the plaintiff did not pray for the appointment of a receiver, or otherwise indicate the precise manner in which he desired the court to act; but there was a prayer for a judgment *against the property described,* and for general relief. In this respect the petition is similar to that in *Forrester* v. *Forrester,* supra, in which there was no direct reference to the appointment of a receiver. Under a general prayer, a plaintiff may have such relief as is consistent with the case as made by the petition and the specific prayers. *Broderick* v. *Reid,* 164 *Ga.* 474 (2), 483 (139 S. E. 18) ; *Ætna Life Ins. Co.* v. *Dorman,* 179 *Ga.* 890 (177 S. E. 703). Accordingly, if appointment of a receiver should be necessary, the court, under the petition as framed, could proceed to appoint without being instructed by the plaintiff in specific terms to that effect. Under the decisions in *Forrester* v. *Forrester* and *Coral Gables Corporation* v. *Hamilton,* supra, the plaintiff was entitled to maintain the suit as an equitable proceeding in rem, without regard to his financial ability to give bond and proceed by attachment. Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law; but a mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction. Code of 1933, § 37-120.

A court of equity could, through the proper agency, take charge of the rents and profits and apply them to the plaintiff's claim, and might otherwise administer the property more effectually than could be done by a court of law through an attachment proceeding. *Wood* v. *Wood,* 166 *Ga.* 519 (3) (143 S. E. 770). The result in such case is not to render a judgment binding upon the defendant's property without any sort of notice or opportunity to be heard. "The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale." Pennoyer *v.* Neff, 95 U. S. 714 (24 L. ed. 565). "Where a party has property in a State and resides elsewhere, his property is justly subject to all valid claims that may exist against him there; but beyond this, due process of law would require appearance or personal service before the defendant could be personally bound by any judgment rendered." Cooley's Const. Lim. 404, quoted in *Forrester* v. *Forrester,* supra. The petition may not have been drawn with precision and nicety, but it was not so defective as to be subject to dismissal upon the mere general grounds that it did not afford a sufficient basis for service and showed no legal justification for the plaintiff's failure to give bond and proceed in attachment. See *Faughnan* v. *Bashlor,* 163 *Ga.* 525 (136 S. E. 545); *Jackson* v. *Jackson,* 164 *Ga.* 115 (137 S. E. 827); *Edwards Manufacturing Co.* v. *Hood,* 167 *Ga.* 144 (3) (145 S. E. 87); *Reid* v. *Gordon,* 173 *Ga.* 168 (159 S. E. 708).

We have reached this conclusion without reference to the plaintiff's effort to have service perfected on the defendant by service upon his agent, or by publication, the seizure itself being sufficient service, as against the res. The decision in *Mull* v. *Akins,* 153 *Ga.* 92 (111 S. E. 650), was not concurred in by all the Justices, and therefore is not controlling, *if contrary.* The same is true of the decision, as finally released, in *Tennessee Fertilizer Co.* v. *Hand,* 147 *Ga.* 588 (95 S. E. 81).

*Judgment reversed. All the Justices concur, except Gilbert, Justice, who dissents.*