FAIN, executrix, *v.* NIX.

No. 13011.    MARCH 14, 1940.

774

*Erwin & Allen* and *Neel & Ault,* for plaintiff in error.

*Joe M. Lang* and *T. H. Lang,* contra.

REID, Chief Justice. It is a settled principle that the courts of this State have the authority to seize the property of a non-resident defendant, located within the State, and apply it to the payment of his debts by a judgment or decree in rem. *Dearing* v. *Bank of Charleston,* 5 *Ga.* 497, 513 (48 Am. D. 300) ; *Adams* v. *Lamar,* 8 *Ga.* 83 ; *Molyneaux* v. *Seymour,* 30 *Ga.* 440 (76 Am. D. 662) ; *Forrester* v. *Forrester,* 155 *Ga.* 722 (118 S. E. 373) ; *Jackson* v. *Jackson,* 164 *Ga.* 115 (137 S. E. 827) ; *Edwards Mfg. Co.* v. *Hood,* 167 *Ga.* 144 (145 S. E. 87) ; *Pendley* v. *Tumlin,* 181 *Ga.* 808 (184 S. E. 283) ; Pennoyer *v.* Neff, 95 U. S. 714 (24 L. ed. 565). While ordinarily this jurisdiction must be brought into play by the statutory process of attachment, it has been held that where, as in the present case, the claim asserted against the non-resident is for alimony, a court of equity may be resorted to for this purpose. *Forrester* v. *Forrester,* supra; *Grimmett* v. *Barnwell,* 184 *Ga.* 461 (192 S. E. 191, 116 A. L. R. 257). In such case the jurisdiction of the court is confined to the rendition of a judgment on the cause of action asserted against the property found within its jurisdiction. The courts of this State have no extraterritorial jurisdiction and accordingly can not render a personal judgment against a non-resident defendant, unless he is found and personally served within

the State, or voluntarily appears in person or by attorney. *Hood* v. *Hood*, 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359). Thus, "a court may have jurisdiction over property situate within its jurisdiction, so as to authorize a seizure and sale of such property according to law, but the exercise of such authority does not draw to it jurisdiction over the person of the owner residing in another State." 7 R. C. L. 1041, 1042. In the present case the plaintiff alleges, that the defendant is a beneficiary of a certain trust created by the will of George W. Hefley, and that as such he is entitled to and is paid at regular intervals by the trustee one fourth of the net proceeds of the corpus of the trust estate; that the trustee is a resident of this State and subject to the jurisdiction of the superior court of Gordon County, and process against her is prayed; that the trust was created by the will of a non-resident; and that the entire corpus of the trust estate is situated in the State of Texas. Since it is thus made to appear that the trustor was at his death a resident of the State of Texas and that all of the realty comprised in the corpus of the trust is situated in Texas, the trust, as to both the realty and personalty thereof (the latter of which is also in fact situated in that State), is to be administered according to the laws of that State, and the trustee is subject to the supervision and control of the courts of that State. See American Law Institute's Restatement of Conflict of Laws, §§ 243, 298, 299. The residence of the trustee in this State would not authorize the court to render a personal judgment against the non-resident defendant, on the plaintiff's claim for alimony (*Howell* v. *Gordon*, 40 *Ga.* 302 (3), Coyne v. Plume, 90 Conn. 293, 97 Atl. 337), or to seize or otherwise affect the corpus of the trust estate situated in Texas. Just as the court has no authority to render a judgment in personam against a non-resident defendant, it has no authority, as a general rule, to extend its processes to property lying wholly without the State. See notes in 76 Am. D. 668, 669, and 6 A. S. R. 182, 183, 184-189.

While in some cases a court of equity having jurisdiction of the person of a defendant may exercise jurisdiction as to property, though situated without the State (Mitchell v. Bunch, 2 Paige Ch. 606, 22 Am. D. 669; Carroll v. Lee, 3 Gill & J. 504, 22 Am. D. 350; Burnley v. Stevenson, 24 Ohio St. 474, 15 Am. R. 621), this principle would not authorize the courts of this State to affect or

seize property situated in another State, which is vested in a trustee under a will executed in that State, for the purpose of applying it to a claim against the non-resident beneficiary, although the trustee is a resident of this State. We think that it is also clear that the fact that the trustee is a resident of this State would not authorize the court to require the application of the future income of the trust which, under the will, is to be paid to the non-resident defendant. This is true, first, because the jurisdiction of the court in such case as the present is confined to the application of the property of such defendant actually within the State to the claim asserted by the plaintiff; and secondly, even if such authority would ordinarily exist, it could not be exercised here, because to do so would require the continuation of the defendant in a trust relation to the property, when under the express terms of the will the trustee is given authority to deliver the corpus of the trust estate at any time that she sees fit, and thus effectually terminate the trust as to him. It is perhaps true that, since the trustee is a resident of this State, the court would have authority to seize and hold any of the net proceeds of the estate which belong to the defendant, actually in the possession of the trustee, and apply it to the plaintiff's claim for alimony (Coyne v. Plume, supra; Braman v. Braman, 236 App. Div. 164, 258 N. Y. Supp. 181; Thomas v. Thomas, 112 Pa. Super. 578, 172 Atl. 36; Clark v. Clark, 202 Ind. 104, 172 N. E. 124); yet the petition is barren of any allegation to the effect that the trustee has in her possession any funds belonging to the defendant, nor does the petition even require the trustee to specifically answer in this respect. Accordingly the plaintiff fails to show by her petition the existence of any property situated in this State, belonging to the defendant, over which the court could exercise jurisdiction. It follows that the petition showed no authority in the court to render a judgment of any character in favor of the plaintiff on her claim for alimony against the defendant, a non-resident, and therefore it should have been dismissed on demurrer. *Judgment reversed. All the Justices concur, except*

ATKINSON, Presiding Justice, who dissents on the theory that a proper construction of the petition shows that the trustee resident in Georgia has possession of intangible property which follows the person of the trustee, and this would confer jurisdiction on the court to render a judgment in rem as against the non-resident beneficiary.