19390. KIRCHMAN *v.* KIRCHMAN.

ARGUED JUNE 12, 1956—DECIDED JULY 10, 1956.

490

*G. B. Cowart,* for plaintiff in error.

*V. E. Mitchell, A. A. Nathan,* contra.

HEAD, Justice. ■ The petition alleges that the father and mother by agreement and contract, which was duly made the judgment of the court, settled the issue as to the custody of the two minor children and the amount of alimony the father should pay monthly for their support. The substantial issues made by the petition and the general demurrers are but two in number: First, can the right of the minor children to support from their father be enforced, and their rights under the alimony judgment be fully protected, in a court of law? Second, if there is no adequate remedy at law, as alleged, will the rules of equity jurisdiction apply? These questions will be considered in the order stated.

Code § 30-204 provides that an award of alimony may be enforced "by writ of fieri facias or by attachment for contempt." (See also § 37-123.) Code § 30-208 provides that decrees in favor of the children may be enforced in the same manner as those in favor of the wife. Counsel for the father insist that the above sections of the Code state the "true rule" for the enforcement of a judgment for alimony, and it is insisted that there is ample property upon which an execution could be levied and ample property which could be reached by process of garnishment. Code § 30-112, as amended by Ga. L. 1950, pp. 365, 366, and Code (Ann. Supp.) § 67-2801 (Ga. L. 1939, pp. 345, 346), pertaining to lis pendens, also cited by counsel for the father, are not germane to any issue in the present case, since it is not alleged that the father has sold, or attempted to sell, any of the property described.

From the allegations of the petition, which must be taken as true for the purposes of the general demurrers, there is no doubt but that the real estate alone would sell for an amount substantially in excess of the accumulated monthly instalments of $1,500. Counsel for the mother insists that, after payment of the expenses of the sale of the real estate and the accumulated

instalments amounting to $1,500, it would be the duty of the sheriff to pay over to the father the remainder of the proceeds of the sale, and that there would be nothing to prevent him from taking the money beyond the jurisdiction of the court, and thus defeat liability for future monthly instalments. It is stated in the brief of counsel for the father, in response to this contention, that "We respectfully urge that he (the father) would have a right to such excess."

Whether or not named loan associations might be required to pay into court amounts held by them in the name of the father, by garnishment, based on the execution for unpaid monthly instalments of alimony for the support of the minor children of the defendant, is not the substantial question at issue. It otherwise appears that there would be several thousand dollars over and above the amount of the execution and accrued costs from a sale of the real estate. While the demurrer urges that garnishment would be an adequate remedy as to funds on deposit with the loan associations, it is not contended that, after payment of the amounts due on the judgment for alimony, garnishment would be a proper remedy to retain the surplus in court to be paid out at such future times as the father might fail to make monthly payments.

"Garnishment proceedings are purely statutory and cannot be extended to cases not enumerated in the statute." *Rager* v. *Maxon Shirt Co.*, 210 *Ga.* 408 (1) (80 S. E. 2d 183). Whether garnishment proceedings are based upon a "pending" suit or upon a judgment, the essential element of garnishment is that some amount shall be claimed to be due. Code § 46-102 provides that the plaintiff, his agent or attorney, shall make affidavit, "stating the amount claimed to be due . . . and shall give bond, with good security, in a sum at least equal to double the amount *sworn to be due,* payable to the defendant in the suit or judgment, as the case may be, conditioned to pay said defendant all costs and damages that he may sustain in consequence of suing out said garnishment, in the event that the plaintiff shall fail to recover in the suit, or it shall appear that *the amount sworn to be due on such judgment was not due.*" (Italics ours.) It thus appears that, however much the mother might have cause to believe that future monthly instalments would not be paid

on maturity, she could not truthfully swear that any amount was yet due when she had just collected in full all amounts actually due. The statute does not authorize garnishment on the apprehension that some amount might become due in the future. Garnishment would not, therefore, be an adequate remedy to subject funds in the officer's possession when no amount was due on the judgment.

The statutory provisions (Code §§ 30-204 and 37-123) for enforcement "by attachment for contempt" are not an available remedy, since the father is a nonresident.

Code § 74-9902, as amended by Ga. L. 1941, pp. 481, 483, 1946, pp. 63, 64, and 1952, pp. 173, 174 (Code, Ann. Supp., § 74-9902), provides that, if a father shall wilfully and voluntarily abandon his child, leaving it in a dependent condition and shall leave the State, he shall be guilty of a felony; and that the child shall be considered to be in a dependent condition when the father does not furnish sufficient food and clothing for the needs of the child. If the facts of the present case would sustain an indictment, extradition, and trial of the father, this would not afford his children any relief, for the reason that a criminal prosecution, though instituted by a prosecutor, would be a proceeding between the State of Georgia on the one part and the accused on the other, to punish a violation of the criminal law, and it would not be a civil remedy to enforce any right of the minor children for support by their father. *Mackenzie* v. *Minis*, 132 *Ga.* 323, 333 (63 S. E. 900, 16 Ann. Cas. 723, 23 L.R.A. (NS) 1003).

"A person may steal his own property from an officer who has seized it under levy, and thereby be guilty of larceny." *Ayers* v. *State*, 3 *Ga. App.* 305 (5) (59 S. E. 924) ; *Gladden* v. *State*, 43 *Ga. App.* 236 (158 S. E. 338). The petition alleges that the father "surreptitiously removed, or caused to be removed," a trailer located in the county after he "had actual notice of the levy." Whether or not criminal proceedings might be instituted against the father under this phase of the criminal law, his children would obtain no relief, for the reasons above stated.

Equitable relief is available "to avoid a multiplicity of suits" (Code § 37-1501) ; or "where a multiplicity of suits would render a trial difficult, expensive, and unsatisfactory at law" (Code § 37-301) ; or where there is a common right to be established

by one against many, or many against one (Code § 37-1007). Under the facts of the present case, the rights of all parties could be protected in one equitable action, whereas a number of suits at law might otherwise result, which would be both inadequate and expensive.

■ Generally, a court of equity has broad power in the appointment of receivers for property having no one to manage it, or for property charged with the payment of debts. Code §§ 55-301, 55-305; *Orton* v. *Madden,* 75 *Ga.* 83; *Wolfe* v. *Claflin & Co.,* 81 *Ga.* 64 (6 S. E. 599); *Ramey* v. *McCoy,* 183 *Ga.* 616 (189 S. E. 44); *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537, 564 (34 S. E. 2d 811).

It has long been the rule that a court of equity may appoint a receiver before answer or pleading by the defendant, as was done in the present case. *Jones* v. *Dougherty,* 10 *Ga.* 273, 280; *Williams* v. *Jenkins,* 11 *Ga.* 595; *Rogers* v. *Dougherty,* 20 *Ga.* 271; *Parrish* v. *Rigell,* 183 *Ga.* 218, 221 (188 S. E. 15, 107 A.L.R. 1385). In *Ainsworth* v. *Ainsworth,* 37 *Ga.* 627, the trial court appointed a receiver in a divorce and alimony action by the wife. The *Ainsworth* case was decided prior to the enactment of Code § 30-213 (Ga. L. 1870, p. 413). The act of 1870 (now Code § 30-213) specifically provides for the appointment of a receiver, and any other remedy applicable in equity, in an alimony action.

Code §§ 30-118, 30-212, and 30-213 specifically authorize equitable intervention for the enforcement of any alimony judgment or decree, and these sections of the Code must be construed in pari materia in all alimony actions. *Fulenwider* v. *Fulenwider,* 188 *Ga.* 856, 866 (5 S. E. 2d 20); *Evans* v. *Evans,* 191 *Ga.* 752 (14 S. E. 2d 95); *Moore* v. *Moore,* 205 *Ga.* 355 (53 S. E. 2d 343).

"In a proceeding for alimony under section 1747 [now 30-213] of the code, injunction and receiver and other necessary relief may be granted, and to this end all necessary parties may be joined as defendants with the husband." *Price* v. *Price,* 90 *Ga.* 244, 245 (2) (15 S. E. 774); *Gray Brothers* v. *Gray,* 65 *Ga.* 193; *Lyon* v. *Lyon,* 102 *Ga.* 453 (31 S. E. 34, 42 L.R.A. 194, 66 Am. St. R. 189); *Wells* v. *Wells,* 118 *Ga.* 812, 45 S. E. 669); *Donalson* v. *Bridges,* 162 *Ga.* 502 (134 S. E. 302); *Jackson* v. *Jackson,* 164 *Ga.* 115 (137 S. E. 827).

In *Wood* v. *Wood*, 166 *Ga.* 519 (143 S. E. 770), it was held that the wife could maintain a petition in equity to recover temporary and permanent alimony, to cancel a deed between her husband and his son, and to have a receiver appointed to take charge of the property so conveyed and to apply the rents to her claim for alimony; and it was said that the wife could maintain this proceeding notwithstanding the fact that no divorce proceeding, and no suit for temporary or permanent alimony, were pending at the time of the execution of the deed. See also *Cochran* v. *Cochran*, 173 *Ga.* 856 (162 S. E. 99) ; *Boone* v. *Taylor*, 185 *Ga.* 433 (195 S. E. 761) ; *Fain* v. *Nix*, 189 *Ga.* 772 (7 S. E. 2d 733) ; *McKoy* v. *Bush*, 200 *Ga.* 759 (38 S. E. 2d 669) ; *Von Kamp* v. *Gary*, 204 *Ga.* 875 (52 S. E. 2d 591) ; 27 C. J. S. 1070, § 270; 45 Am. Jur. 40, § 43.

"A citizen of this State will not be required to pursue his rights against a non-resident debtor by suing in a foreign court when there is property of such debtor situated within this State, and subject to the jurisdiction of its courts, which supplies such an available res as to enable the courts of this State to administer justice." *Pendley* v. *Tumlin*, 181 *Ga.* 808 (1) (184 S. E. 283) ; *Grimmett* v. *Barnwell*, 184 *Ga.* 461 (192 S. E. 191, 116 A.L.R. 257).

In the present case counsel for the mother cites and strongly relies upon the case of *Forrester* v. *Forrester*, 155 *Ga.* 722 (118 S. E. 373, 29 A.L.R. 1363). In the *Forrester* case the wife filed a petition against the husband, who was a resident of the State of Alabama, for the appointment of a receiver for described personal property, there being no judgment for alimony and no proceeding for alimony pending. The husband, by counsel, made a special appearance to contest the jurisdiction of the court, and this court, in a divided opinion, held that the trial court was not without jurisdiction. The *Forrester* case has no application to the facts in the present case. The sole question made in the *Forrester* case pertained to the jurisdiction of the court, duly raised by a special appearance for such purpose. In the present case the defendant filed general demurrers, and the filing of a general demurrer to the merits amounts to a waiver of any defect in service, process, or jurisdiction. Code § 81-209; *Adams* v. *Lamar*, 8 *Ga.* 83, 95; *Lyons* v. *Planters' Loan &c. Bank*, 86 *Ga.* 485 (12 S.

E. 882, 12 L.R.A. 155) ; *Paulk* v. *Tanner,* 106 *Ga.* 219 (32 S. E. 99) ; *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48) ; *Hadden* v. *Fuqua,* 192 *Ga.* 668, 676 (16 S. E. 2d 737) ; *Black* v. *Milner Hotels,* 194 *Ga.* 828, 831 (22 S. E. 2d 780).

It was error to sustain a general demurrer on the grounds that there was an adequate relief at law and that equity was without jurisdiction in the cause.

*Judgment reversed. All the Justices concur.*