12725.  DOUGHERTY *v.* CENTRAL BANK & TRUST CORPORATION.

"It is proper for the judge to direct a verdict only where the evidence is without conflict, and that introduced, with all reasonable deductions and inferences therefrom, demands a particular verdict.  Civil Code, § 5926.  The evidence being conflicting upon material issues in the case, it was error to direct the verdict." *Anderson* v. *McMillan,* 147 *Ga.* 5 (92 S. E. 520).

              DECIDED JUNE 14, 1922.

Complaint; from Fulton superior court — Judge Pendleton.  July 1, 1921.

D. O. Dougherty sued the Central Bank & Trust Corporation, alleging in part that for a certain consideration the bank furnished him a safety-deposit box in its bank and "supplied him with a key to one of the two locks on said box, retaining to itself another key of a different pattern to the other lock on the same box, as well as control of the premises and of the doors leading into said vault," and that by his wife he deposited in this box certain liberty bonds of the value of $1,200.  By amendment he alleged that he himself deposited in this box three $50 liberty bonds.  He further alleged that "it was the duty of the defendant to use ordinary care, under the circumstances, in safely keeping said bonds and preventing their removal from said safety-deposit box by persons unathorized by plaintiff.  Yet said defendant failed to use ordinary care to safely keep said bonds and prevent their removal from

said safe-deposit box by persons unauthorized by. plaintiff, but on the contrary neligently permitted them to be wrongfully removed therefrom by some one unauthorized by plaintiff, on or before December 12th, 1918, whereby said bonds became and were totally lost to plaintiff, to his damage in the sum of $1200.00, together with interest thereon at 4-1/2 per cent. per annum from December 12, 1918." The petition was so amended as to allege that the plaintiff was damaged in the sum of $1350 and interest. The defendant filed a plea denying liability. The receipt given by the bank for the rent of the box contained the following clause: " The liability of the bank by reason of the renting is limited to the exercise of its accustomed diligence to prevent the opening of said safe-deposit box by. any person other than the lessee or his duly authorized representative, and is assumed upon the express agreement that such opening shall not be inferable from proof of partial or total loss of the contents." On the back of this receipt was endorsed the following condition: " No other person than the renter, or approved deputy named in the books of the bank, or legal representative (in the case of death, insolvency, or other disability of the renter) shall have access to the safe-deposit box." The plaintiff gave to his wife a power of attorney as follows: " I hereby direct the Central Bank & Trust Corporation (Safe Deposit Dept.) to permit my wife, Mrs. W. R. Dougherty, to have access to my safe in said vaults of said Corp., until written notice to the contrary is given said Corp., giving and granting unto the said Wilhelmina Reins Dougherty full power and authority to do and perform, with reference to both withdrawing and changing from time to time the contents of said safe, or in relation to any other thing pertaining thereto, including the surrender of said safe and the keys thereof, all things which said Corp. or its agents may deem necessary, in or about the premises, as fully to all intents and purposes as I might or could do if personally present, hereby ratifying and confirming all that the said Wilhelmina Reins Dougherty shall to [do ?] or cause to be done in the premises."

The evidence shows that while plaintiff was in France his wife entrusted to one Vincent the key to the safe-deposit box. On the trial Vincent swore that by the direction of Mrs Dougherty he withdrew from this box a thousand-dollar bond. He refused to answer whether or not he removed other bonds from the box,

stating: " I refuse to answer that, on the ground that it might incriminate me." He swore also that a woman, presumably an employee of the bank, assisted him in opening the box. Mrs. Dougherty swore that she gave to Vincent the key to get the thousand-dollar bond because it was not convenient for her to go down and carry the key. She further swore that she did not remember giving him authority to withdraw from the box any other bonds. A witness testified: " I saw some liberty bonds in Mr. Vincent's possession. I saw some fifty-dollar bonds and some one-hundred-dollar bonds." Another witness swore: " Something like the first week in November I sold him (Vincent) a Ford Sedan car for $725; $300 [$350 ?] in liberty bonds and $375 in cash. There were two $100 bonds and three $50 bonds." This witness testified also that he first saw Vincent about the middle of the summer of 1918 when he gave him some money with which to get something to eat. Mr. Dougherty swore that prior to the 20th of August he placed in the safe-deposit box, in all, eight $50 liberty bonds; that he never gave Vincent permission to enter his safe-deposit box, and that he never entirely released Vincent from indebtedness to him. Vincent swore that he turned over to Dougherty certain property, and " the settlement [was] called square." At the conclusion of the evidence the court directed a verdict for the defendant; and the plaintiff excepted.

*Hines & Jordan,* for plaintiff.

*Candler, Thomson & Hirsch,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) It is proper for the judge to direct a verdict only where the evidence is without conflict, and that introduced, with all reasonable deductions and inferences therefrom, demands a particular verdict. Civil Code (1910), § 5926. Considering the conflicts in the evidence, as shown by the foregoing statements of facts, and other conflicts therein as shown by the record, a verdict for the defendant was not demanded. The case should have been submitted to the jury to determine whether or not the bank was negligent in permitting Vincent to enter the safe-deposit box of the plaintiff, and, if it was, whether or not the plaintiff suffered any loss by reason of this negligence.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*