## TOW *v.* EVANS.

No. 14088.  JUNE 18, 1942.

James A. Branch, Thomas B. Branch Jr., and James A. Branch Jr., for plaintiff in error.

Philip Etheridge and Woodruff & Ward, contra.

ATKINSON, Presiding Justice. 1. A fundamental question is jurisdiction of the court. The petition proceeds on the theory of equitable jurisdiction in rem by seizure of the property in this State of a non-resident debtor, as in Edwards Manufacturing Co. v. Hood, 167 Ga. 144 (3) (145 S. E. 87), based on constructive service. There was no pretense of personal service or waiver of service; and the question is, was constructive service perfected as provided by the statute?

2. It is declared in the Code, § 81-205, that where any non-resident person shall claim or own personal property in this State, service on such non-resident may be made by publication in cases affecting such property where proceedings are brought (6) to exclude him "from an interest therein," or (7) where such non-resident person has "any property in this State." In such cases the judge "may order service to be perfected by publication in the paper in which sheriff's advertisements are printed, twice a month for two months. Said published notice shall contain the name of the parties plaintiff and defendant, with a caption setting forth the court and term and character of the action, and a notice directed and addressed to the party to be thus served, commanding him to be and appear at the next term of the court, and shall bear teste in the name of the judge and shall be signed by the clerk of said court." § 81-206. Where the residence or abiding place of the absent or non-resident party is known, "the party obtaining

the order shall file in the office of the clerk, at least 30 days before the term next after the order for publication, a copy of the newspaper in which said notice is published, with said notice plainly marked; and thereupon it shall be the duty of said clerk at once to inclose, direct, stamp, and mail said paper to said party named in said order, and make an entry of his action on the petition or other writ in said case." Code, § 81-207. '"It shall be the duty of the judge trying the case, before the trial thereof, to determine whether such service has been properly perfected, and to write an order to that effect upon the petition in said case as showing service thereof, which shall also be entered upon the minutes of the court." § 81-208. Such adjudication, however, is not jurisdictional. *Mills* v. *Mills,* 165 *Ga.* 233 (140 S. E. 503). The provisions of § 81-207, supra, do not apply where the residence or abiding place of the absent party is not known. *Faughnan* v. *Bashlor,* 163 *Ga.* 525 (2) (136 S. E. 545). The admissions in the pleadings and the evidence authorized a finding that the plaintiff did not know the residence or abiding place of the defendant, and that constructive service had been perfected.

3. Corporate stock represents interest in the corporation, and is intangible property, while certificates of stock are evidence of such intangible interest, with the added quality of commercial property as symbolic of the stock itself. Such certificates are tangible property that may be the subject of larceny or actions in trover, and the transfer thereof as between the parties will carry the interest of the transferor in the corporation. Griswold *v.* Kelly-Springfield Tire Co., 94 N. J. Eq. 308 (120 Atl. 324); Jones *v.* State, 236 Ala. 30 (182 So. 404); Bourland *v.* State, 133 Tex. Cr. 544 (112 S. W. 2d, 720); Mills *v.* Jacobs, 131 Penn. Super. 469 (200 Atl. 233); 18 C. J. S. 724, § 258(c). Such certificates of stock essentially take on the character of the stock in the corporation, and are choses in action within the meaning of the Code, § 39-113. Cherry *v.* Frost, 75 Tenn. 1, 7; Parker *v.* Bethel Hotel Co., 96 Tenn. 252 (6), 284 (34 S. W. 209); 40 Words and Phrases, 162.

4. In this State, "Choses in action are not liable to be seized and sold under execution, unless made so specially by statute." Code, § 39-113; *Fourth National Bank of Macon* v. *Swift & Co.,* 160 *Ga.* 372 (127 S. E. 729). See 23 C. J. 441, § 234. There is no such statute in this State applicable to certificates of stock

issued by a foreign corporation not having an office or place of business in this State. Code §§ 39-123, 39-124, relating to levy and sale of corporate stock, do not apply to a corporation such as in the instant case, which has no office in this State.

5. Where a banking corporation leases to its customer a safety-deposit box in the bank's vault, the relation of lessor and lessee arises. Ordinarily the bank does not have dominion over choses in action the lessee may place therein. Accordingly, choses in action contained in the box could not be reached by service of the statutory garnishment upon the bank. Even if they could be reached by process of garnishment, the choses in action being certificates of stock issued by an undomesticated foreign corporation, sections 39-123, 39-124, supra, would not authorize levy and sale thereof by the levying officer. If a levying officer could break the box for the purpose of levying on articles kept therein by the lessee that are subject to levy and sale (a question not now involved), such breaking would be unlawful and a trespass if the purpose was to levy upon choses in action, they not being proper subjects for levy and sale.

6. A creditor in this State, without a lien or interest in certificates of stock issued by an undomesticated foreign corporation in favor of a resident of a foreign country, which are contained in a safety-deposit box in a bank in this State, under lease to such resident of a foreign country as hereinabove indicated, having no adequate remedy at law, has a remedy in equity, by action in rem based on statutory constructive service, for appointment of a receiver to seize and make sale of the certificates of stock. The case differs on its facts from *Grimmett* v. *Barnwell,* 184 *Ga.* 461 (192 S. E. 191), not concurred in by all the Justices, where the property in question was a tract of land which was subject to attachment, levy and sale; also from *Fain* v. *Nix,* 189 *Ga.* 772 (7 S. E. 2d, 733), not concurred in by all the Justices, in which the majority held there was no property in this State that could be applied to payment of alimony.

7. The judge did not err in appointing a receiver and granting a temporary injunction.

*Judgment affirmed. All the Justices concur.*