44696. BUENA VISTA LOAN & SAVINGS BANK
v. BICKERSTAFF.

ARGUED SEPTEMBER 8, 1969—DECIDED FEBRUARY 5, 1970—
REHEARING DENIED MARCH 24, 1970—

*Joseph M. Rogers, James K. Rankin, James H. Keaten, Powell, Goldstein, Frazer & Murphy,* for appellant.

*Kelly, Champion & Henson, Jerome M. Rothschild,* for appellee.

JORDAN, Presiding Judge. The plaintiff bases his claim primarily on the breach of a bailor-bailee relationship with the bank in respect to the alleged missing contents of the box, or, in the alternative, if the relationship is not that of a bailor-bailee, at least a duty on the part of the bank to exercise ordinary care to safeguard the contents of the box, contending that the evidence of negligence in this respect is sufficient to create a jury question.

The defendant relies on the decision in *Tow v. Evans,* 194 Ga. 160 (20 SE2d 922) defining the relationship between the bank

and a customer to whom it leases a safe deposit box in its vault as that of lessor and lessee giving the bank no dominion over certificates of stock placed therein by the lessee so as to enable a third party to reach such contents by statutory garnishment, and, viewing this relationship as merely one of landlord and tenant, contends that the bank incurs no liability by reason of the mysterious disappearance of the money. The bank argues further that even if the defendant was under a duty in some manner to protect the contents of the box, the evidence fails to disclose any breach that could be regarded as the proximate cause of the loss.

In commenting on numerous actions involving a claim by a depositor against a bank or safe deposit company for the loss of the contents of a container in other jurisdictions, the writer of the annotation in 133 ALR 279 states, at p. 280, that "the decisions in the cases subsequent to those cited [in 40 ALR 874 and 42 ALR 1304] are practically unanimous that the relation between a bank and the renter of a safe deposit box therein, where a rental is charged therefor, with respect to liability for theft or other loss of the contents of the box, is that of bailment for hire, and that the rules and principles governing the rights and duties of a bailee for hire generally are applicable thereto."

We do not regard the mere labeling of the relationship in *Tow v. Evans*, 194 Ga. 160, supra, as that of lessor and lessee so as to prevent a third party from reaching the contents of a box by garnishment, as a holding which is dispositive of the relationship between the bank and a boxholder in respect to safeguarding the contents of the box and liability of the bank to the customer for a mysterious disappearance of the contents. Except to determine that the relationship of lessor and lessee was such as to preclude the use of statutory garnishment, the court in that case made no attempt to define the duties of the lessor towards its lessee in respect to the lease of a safe deposit box. Both lease and bailment are indicative of a contractual relationship, and the terms are not necessarily mutually exclusive. A lease may refer to a contract involving realty or personalty, or both, whereas a bailment involves the custody of personalty. See *Code* §§ 85-802, 25-806, and *Code Title* 12.

Whatever the label attached to the contract here involved, the facts demand a determination that the bank was involved in an undertaking for a consideration to safeguard the personal property of another in respect to whatever was placed in the safe deposit box, without acquiring any knowledge of the contents of the box, and that it exercised complete dominion at all times over this box, regardless of its contents, except when the customer requested access thereto. Had the customer merely delivered to the bank a locked container, which the bank undertook to safeguard for a fee, this court would have no difficulty in determining that a bailment existed, and that the bank was a depositary for hire. *Code* § 12-301. Had he delivered a sealed package of money, or property or securities, for the purpose of having the same safely kept, and the identical thing returned, it would be a special deposit, which is treated as a form of bailment. *Code* § 12-303; see *Williams v. Bennett,* 158 Ga. 488, 494 (123 SE 683).

The parties do not cite, and research fails to disclose any Georgia decision directly in point. The early case of *Merchants Nat. Bank of Savannah v. Guilmartin,* 88 Ga. 797 (15 SE 831, 17 LRA 322) recognizes a special deposit of securities for the accommodation of the customer, for which he received a receipt, as creating a gratuitous bailment, obligating the bank to exercise slight diligence, which could be met, in respect to a loss caused by the felonious appropriation by a cashier, "when it does its full duty in selecting a proper person, and in not disregarding indications of dishonesty which ought to arouse suspicion and investigation." P. 799. When the same case was before the court again, 93 Ga. 503 (21 SE 55, 44 ASR 182), the court stated, at p. 506, that nothing less than actual proof of the standard of diligence imposed on the bank would satisfy the requirement of the law. To the same effect, see *Merchants Nat. Bank of Savannah v. Carhart,* 95 Ga. 394 (22 SE 628, 32 LRA 775, 51 ASR 95).

Summarized, these cases impose upon the bank, once the fact of loss of a special deposit is shown, the duty of affirmatively showing the exercise of the required degree of care, and this is in accord with the law of bailment as it now exists in this

476

State. See *Code* §§ 12-103, 12-104. In *Dougherty v. Central Bank &c. Corp.*, 28 Ga. App. 642 (112 SE 737) in which the customer alleged that it was the duty of the bank to use ordinary care to prevent the removal of bonds from a safe deposit box by persons unauthorized by the customer, this court ruled only on the sufficiency of the evidence as creating a jury question to preclude the trial court from directing a verdict for the bank, without defining the legal relationship between the bank and its customer. This opinion does recognize, however, that if the bank were negligent in permitting a third person to gain access to the contents of the box, and this negligence proximately caused the loss, if so determined by a jury, the customer was entitled to recover the loss from the bank.

We view the relationship here created, as between the customer and the bank, as one of bailor and bailee, making the bank a depositary for hire under a duty to exercise ordinary care, the proof of which is cast upon the bank after proof of the fact of loss by the customer. *Code* §§ 12-104, 12-301, 12-404. This burden on the bailee is regarded as a presumption of negligence, i.e., a rebuttable inference, thus placing on the bailee the affirmative duty of producing evidence of its diligence. See *Hall & Ham v. Stone*, 11 Ga. App. 269, 272 (75 SE 140) ; *Red-Cross Laundry v. Tuten*, 31 Ga. App. 689 (2) (121 SE 865) ; *Richter Bros. v. Atlantic Co.*, 59 Ga. App. 137, 142 (200 SE 462). Where some evidence of this nature is adduced in the trial of a case, whether the bailee has overcome the rebuttable inference would ordinarily be a matter for jury determination. But this is a duty imposed by the law of bailment on the bank which it must meet to preserve an issue for jury determination and the bank, as the movant for summary judgment, in order to prevail, has the greater burden of showing the absence of any genuine issue of fact as to a material matter and that as a matter of law it is entitled to judgment. In short, in the posture of the present case, it must appear from a consideration of the pleadings and evidence that as a matter of law the bank did all that was required of it, in the exercise of ordinary care under the circumstances, to protect the contents of the safe deposit box. What constitutes the exercise of ordinary care, or the lack of it, is

ordinarily a jury question, and the evidence here, which discloses, among other things, practices which fall below acceptable standards in the industry, does not eliminate, as a permissible jury determination, that the failure to meet acceptable standards in the industry is a failure to exercise ordinary care which constitutes the proximate cause of the mysterious disappearance.

In view of the foregoing the trial court properly refused to grant a summary judgment for the bank.

*Judgment affirmed. Hall and Whitman, JJ., concur.*