## 66033. JORDAN v. THE STATE.

BIRDSONG, Judge.

Citation for Contempt. During the March Term, 1978 of the Coffee County Superior Court, indictments were returned against two indigent defendants for welfare fraud. Appellant Jordan was appointed as counsel to represent them at their criminal trials. Both defendants were convicted as charged. In February 1979, both were sentenced to four years, with one to serve and three on probation. On February 7, 1979, Jordan filed motions for new trial in the trial court for each defendant. A hearing date of March 16, 1979, was set on these motions. This day passed without a hearing nor was there a motion for continuance or any other motion filed or order issued, nor was a notice of appeal filed in the cases.

On November 29, 1979, after over nine months of total inactivity, the state moved the trial court to dismiss the motions for new trial. Jordan filed an answer in December 1979, in which he in substance asserted that with permission of the trial court, counsel for the state and the defendants would set the date of the rehearing based upon the availability of the transcript. Inexplicably, no rule nisi was issued. A second period of inactivity followed. Finally, in May 1981, approximately eighteen months later, the state renewed its motion to dismiss the motions for new trial for failure of prosecution. A rule nisi set hearing on the renewed motion by the state which hearing was reset to June 24, 1981, at the request of Jordan. At the June 24 hearing, Jordan stated affirmatively and unequivocally that he would not further defend the cases inasmuch as he had been relieved as counsel by the county indigency committee shortly after Jordan filed his answer in December 1979. It is uncontested that Jordan did not move the trial court for relief as

counsel nor did Jordan ever inform the trial court of his purported relief by the indigency committee until the hearing in June 1981. In spite of this lack of notice to the trial court, at the June 1981 hearing, Jordan insisted that he would not defend the two criminal defendants and had not done so for well over a year.

At this June 24, 1981, hearing, the trial court concluded that Jordan's purported relief as counsel by an authority other than the trial court was ineffective to relieve him of responsibility of defending his clients particularly in the absence of proof of such relief. Based thereon, the trial court issued an order directing Jordan to show cause why he (Jordan) should not be held in contempt for abandoning his clients. Hearing was set for this show cause action for July 17, 1981. On that date Jordan's only offer was the filing of a motion to have the trial court recuse itself, but no offer was made to show that he (Jordan) had been officially relieved as counsel or that Jordan acted in the good faith belief that he had been relieved; nor did Jordan make any showing why he had failed to make any effort to prosecute the motions for new trial filed almost 30 months earlier. The trial court entered an order holding Jordan in contempt. An appeal of this contempt order to this court complains that the trial court erred in denying the motion to recuse itself and in entering an order of contempt containing inadequate findings of fact and conclusions of law. This court concluded the motion to recuse had been filed in an untimely fashion but returned the case to the trial court for appropriate findings of fact and conclusions of law. *Jordan v. Hodges,* 162 Ga. App. 473 (291 SE2d 778). The trial court has complied with the remittitur of this court. Appellant has renewed his appeal contending the trial court once again erred in its order of contempt because the findings of fact and conclusions of law are inadequate and that the evidence is insufficient to support the conclusion that Jordan's failure to act was deliberate, wilful or intentional. *Held:*

Jordan has enumerated two principal errors but they both relate to the issue of whether the findings of fact and the evidence support a conclusion that Jordan acted deliberately, wilfully and intentionally or that he abandoned his client's causes. In beginning our consideration of these matters, we observe that OCGA § 15-1-4 (a) (2) (Code Ann. § 24-106) provides that the power of the courts of this state to issue attachments and inflict summary punishment for contempt extends to acts of misbehavior of any of the officers of the courts in their official transactions. There can be no doubt that Jordan is an officer of the court. *Morris v. State,* 228 Ga. 39 (184 SE2d 82); *Carter v. State,* 146 Ga. App. 322, 323 (6) (246 SE2d 378). Likewise there can be no argument that the filing of a motion for new trial is an official transaction before a court.

Having invoked the judicial powers of the court in relation to the motions for new trial, Jordan had the responsibility to resolve the issues presented thereby within the parameters of time established by the court. By order of the court, Jordan was required to dispose of the motions on March 16, 1979. Admittedly, he could have adjusted that time by obtaining the consent of the court. The record, however, is totally devoid of any request by Jordan to be relieved of the deadline of March 16. We conclude that by utterly ignoring the scheduled date and thereafter stating categorically that he did not and would no longer represent the two indigent defendants Jordan exposed himself to contempt action. We are certain that upon the same reason of inaction (and thus disregard of court rules) that this court may hold an appellant in contempt who after filing a notice of appeal fails to file an enumeration of error or brief within an appropriate time. See *Pastis v. Cobb Exchange Bank,* 142 Ga. App. 519 (1) (236 SE2d 279).

Having concluded that the actions of Jordan are such as to expose him to a citation for contempt, we next consider whether the findings of fact and conclusions of law as well as the evidentiary basis therefor appropriately show a wilful, deliberate and intentional abandonment of his clients by Jordan.

The court in its order showed that Jordan had been appointed to defend two indigent clients. Jordan offered no cognizable evidence that he had been relieved of representative responsibility by order of the court as was required by rules of the court before which Jordan was practicing. See also Ellis v. United States, 356 U. S. 674, 675 (78 SC 974, 2 LE2d 1060). He offered no probative evidence that he, in good faith, was relying on a relief by the indigency committee of the county though he stated that he would do so and was given an opportunity to show cause. He made no showing why he had remained wholly inactive in the case from December 1979 until July 1981. Instead of showing cause, Jordan stated affirmatively and emphatically that he no longer would defend the two indigents and by implication had not represented them for well over a year. Under such facts, we have no hesitancy in concluding that Jordan wilfully, intentionally and deliberately abandoned his clients by failing to pursue his deliberately filed motions for new trial for over 30 months. There is no question that the court's order sufficiently detailed the facts and conclusions to support the contempt action and the evidence supports those facts and conclusions. We find no merit in either of the enumerations of error.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 13, 1983.

*J. Laddie Boatright,* for appellant.
*Donnie Dixon, District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.