## A06A1820. LEE v. THE STATE.
(641 SE2d 615)

JOHNSON, Presiding Judge.

A trial judge found attorney Jerome Lee to be in contempt of court and ordered him to serve ten days in jail. Lee appeals, asserting three enumerations of error. Because the enumerated errors are without merit, we affirm the judgment of the trial court.

1. Lee's first enumeration of error, that his actions do not constitute criminal contempt and thus the trial court abused its discretion in finding that they do, is a challenge to the sufficiency of the evidence supporting the trial court's judgment. On appeal from a criminal contempt conviction, we review the evidence in the light

---

most favorable to the judgment and determine if a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[1]

Viewed in that light, the evidence shows that on February 14, 2006, the state's drug case against Esquel Casanova and a co-defendant was called for trial in DeKalb County Superior Court. Lee, Casanova's attorney, announced that he was ready for trial once the court ruled on his pending motion to suppress evidence. After an evidentiary hearing, the court denied the motion to suppress. Thereafter, the prosecutor indicated that she was willing to go along with the co-defendant's pending motion for severance, and the court severed the cases.

The next day, Casanova's case came on for trial. Lee moved for a continuance, claiming that he had not expected the cases to be severed, that he was surprised by a new witness for the state and that he had evidentiary concerns about letters written by the co-defendant. The trial judge denied the motion, stating that he would give Lee an opportunity to interview the state's witness before his testimony. At that point, Lee told the judge that since he was not getting a continuance he would not represent Casanova.

The judge instructed Lee that the case was going to trial and that he had the duty to defend his client. After further discussion, during which the court indicated it would allow a continuance of twenty-four hours but not the six days upon which Lee had insisted, Lee reasserted his refusal to obey the court's directive that he participate in the trial. Noting that the case had appeared on every trial calendar for the last eight months and that defense counsel had announced ready for trial each time, the court found no valid reason for Lee's refusal to defend his client and thus disqualified him. The trial judge went on to hold Lee in wilful contempt of court, finding that he had disobeyed a direct order of the court, had misbehaved in the presence of the court and had obstructed the administration of justice.

OCGA § 15-1-4 (a) provides that courts have the power to inflict summary punishment for contempt of court in cases of (1) misbehavior of persons in the presence of the court or so near thereto as to obstruct the administration of justice, (2) misbehavior of any officers of the court in their official transactions, or (3) disobedience or resistance by any officer of the court to any lawful order or command of the court. In the instant case, Lee's refusal to obey the trial judge's order that he represent his client by participating in the trial was

---

[1] *In re Omole*, 258 Ga. App. 725 (574 SE2d 912) (2002).

sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that Lee was in contempt of court.[2]

2. Lee next argues that the trial court's summary adjudication of contempt was improper. The argument is wholly without merit because, as noted above, under OCGA § 15-1-4 (a), a court may inflict summary punishment for contempt of court where the misbehavior occurs in the presence of the court, where it involves an officer of the court disobeying an order of the court or where it obstructs the administration of justice.

> [D]uring trial, a trial judge has the power, when necessary to maintain order in the courtroom, to declare conduct committed in his presence and observed by him to be contemptuous, and, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing.[3]

In the current case, the trial judge gave Lee ample opportunity to explain his refusal to obey the command that he defend his client at trial, and thereafter the judge committed no error in inflicting summary punishment for Lee's direct contempt of court.[4]

3. Lee's final enumeration of error is that the record fails to accurately capture the proceedings, claiming that "none of the proceedings were apparently taken down." We are at a loss to understand this claim since the record before us contains, among other things, a transcript of the hearing at which the case came on for trial, Lee repeatedly refused to participate in the trial, and the judge fully explained his finding of contempt. Lee has made no showing that there is anything inaccurate about the transcript, or the rest of the record before us, and we therefore find no merit to this unsupported claim of error.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[2] See *Jordan v. State*, 166 Ga. App. 627, 629 (305 SE2d 165) (1983) (refusal of attorney to represent client supports order of contempt).

[3] (Citation and punctuation omitted.) *In re Brant*, 230 Ga. App. 283, 284 (1) (496 SE2d 321) (1998).

[4] See, e.g., *In re Omole*, supra at 727 (1) (failing to respond to call of case for trial disrupts court proceedings and is contempt that may be summarily punished).

DECIDED FEBRUARY 1, 2007 —

*Herman, Taylor & Lee, Christopher C. Taylor,* for appellant.
*Gwendolyn Keyes Fleming, District Attorney,* for appellee.